IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RW DEVELOPMENT, LLC | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:12-cv-00224-HSO-RHW | |
| | § | |
| CUNINGHAM GROUP | § | |
| ARCHITECTURE, INC. | § | DEFENDANT |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED HEARING

BEFORE THE COURT is the Motion to Extend Mississippi State Court Issued Temporary Restraining Order and to Set an Expedited Hearing [9] filed by Plaintiff, RW Development, LLC.  In substance, Plaintiff's Motion requests a temporary restraining order and an expedited hearing to determine whether a preliminary injunction should issue.  For the following reasons, the Court is of the opinion that the Motion [9] should be denied.

I.  FACTUAL BACKGROUND

On June 14, 2008, Plaintiff and Defendant entered into a written agreement for Defendant to provide architectural services for Plaintiff in connection with the design of a casino resort in Biloxi, Mississippi.  Pl.'s Am. Compl. [1-3] at p. 2; Def.'s Answer [8] at p. 4.  Plaintiff agreed to compensate Defendant "on an hourly basis to an estimated initial upset maximum (IUM) amount of $100,000, in accordance with [Defendant's] standard billing rates, plus expenses." *Id.*  Defendant has initiated an arbitration proceeding against Plaintiff, wherein it alleges that Plaintiff has

failed to pay Defendant in excess of $100,000.00 for its architectural services.  Pl.'s Am. Compl. [1-3] at pp. 3-4; Def.'s Answer [8] at p. 5.  Defendant contends that the parties' agreement requires them to submit all disputes to arbitration.  Def.'s Answer [8] at pp. 1-2.  Plaintiff disagrees and argues that the agreement does not so require.  Pl.'s Am. Compl. [1-3] at p. 5; Pl.'s Mot. [9] at pp. 3-4.

Plaintiff filed a Complaint [1-2] on July 16, 2012, and an Amended Complaint [1-3] on July 18, 2012, in the Chancery Court of Harrison County, Mississippi, seeking a declaration that the parties' agreement does not require arbitration.  Pl.'s Am. Compl. [1-3] at p. 5.  Plaintiff also requested that the Chancery Court enter a temporary restraining order (TRO) and preliminary injunction preventing Defendant from going forward with arbitration.  *Id.*  The Chancellor conducted a telephone conference with both parties on July 19, 2012, and issued a TRO enjoining Defendant from "execution on any award or judgment that is entered in its favor in [the arbitration proceeding]."  *Ex Parte* Temporary Restraining Order [9-1], Ex. A to Pl.'s Mot. [9].  The TRO was in effect until August 1, 2012, on which date the Chancery Court had scheduled a hearing on Plaintiff's request for a preliminary injunction.  *Id.*  The hearing did not occur, however, because on July 20, 2012, Defendant filed a Notice of Removal [1] to this Court on the basis of diversity jurisdiction.

On August 1, 2012, Plaintiff filed the present Motion [9] in this Court requesting an extension of the TRO entered by the Chancellor and an expedited hearing on whether a preliminary injunction should issue.  Pl.'s Mot. [9] at p. 1.

Plaintiff argues that without injunctive relief, it will be irreparably harmed because the arbitrator has refused to delay the arbitration proceeding, despite its objection, and because any arbitration award "would purportedly be binding." *Id.* at p. 5.

## II. DISCUSSION

A.  Jurisdiction

The Court has jurisdiction over this civil action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. Plaintiff is a limited liability company, and its members are citizens of Mississippi. Statement of Officers and Directors, Ex. 3 to Def.'s Notice of Removal [1]. Defendant is a corporation organized under the laws of Minnesota, with its principal place of business in Minnesota. Notice of Removal [1] at p. 4. The matter in controversy is valued in excess of $100,000.00. Pl.'s Am. Compl. [1-3] at pp. 3-4; Def.'s Answer [8] at p. 5.

B.  Whether a TRO or Preliminary Injunction Should Issue

Rule 65 of the Federal Rules of Civil Procedure governs both preliminary injunctions and temporary restraining orders. A party requesting either form of relief must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *City of Meridian v. Algernon Blair, Inc.,* 721

F.2d 525, 527 (5th Cir. 1983). A temporary restraining order is an "extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989); *see Rufus v. Varnado*, No. 5:08cv263, 2009 WL 901557, *1 (S.D. Miss. 2009). Injunctive relief, particularly in the preliminary stages of litigation, requires an unequivocal showing of the need for relief to issue. *Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1050 (5th Cir. 1997). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985).

A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano,* No.3:09-CV-1201-D, 2009 WL 2044596, *1 (N.D. Tex. 2009). The primary justification for granting a TRO is to preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The findings of fact and conclusions of law made by a court in granting a TRO or preliminary injunction are not binding at trial. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

1.  <u>Substantial Likelihood of Success on the Merits</u>

To satisfy the first the first requirement for obtaining a TRO, Plaintiff must demonstrate a substantial likelihood of success on the merits. *City of Meridian,* 721 F.2d at 527. In conducting its analysis, the Court looks to "the standards provided by the substantive law." *Roho, Inc. v. Marquis,* 902 F.2d 356, 358 (5th Cir. 1990).

The parties dispute the meaning of the following language in their agreement:

> Except as otherwise modified or limited herein, the terms and conditions of AIA Document B151 . . . shall apply to the services provided under this Proposal and Agreement.

Proposal and Agreement, Ex. A to Pl.'s Am. Compl. [1-3]. AIA Document B151, referenced in this provision, contains an arbitration clause. AIA Document B151, Ex. B to Pl.'s Am. Compl. [1-3] at p. 10. The ultimate issue is whether the arbitration clause contained in AIA Document B151 is incorporated into the parties' agreement. Defendant argues that it is, while Plaintiff contends that it is not.

Plaintiff's Motion [9] offers little in terms of substantive law to support its argument that AIA Document B151 is not fully incorporated in the parties' agreement. Plaintiff's Motion [9] merely offers Plaintiff's interpretation of the above-referenced provision, without any significant legal analysis, and submits Plaintiff's conclusion that the contract language is "ambiguous at best." Mot. [9] at pp. 3-4. Absent more authority, the Court is not persuaded that Plaintiff has shown a substantial likelihood of success on the merits based on its submissions.

      2.    <u>Substantial Threat that Failure to Grant Injunctive Relief Will Result in Irreparable Injury</u>

To satisfy the second requirement for obtaining a TRO, Plaintiff must show a substantial threat that failure to grant the injunction will result in irreparable harm. *City of Meridian,* 721 F.2d at 527. Plaintiff argues that it faces a substantial threat of irreparable harm in that the arbitrator has refused to delay the arbitration proceeding, despite Plaintiff's objection, and because Plaintiff would "purportedly" be bound by any arbitration award. Pl.'s Mot. [9] at p. 5. Plaintiff has cited no authority supporting its argument that allowing a matter to proceed to arbitration constitutes irreparable injury.

The Court is cognizant of the fact that some courts have found irreparable injury and enjoined arbitration where arbitrability was disputed. *Merrill Lynch Inv. Managers v. Optibase, Ltd.,* 337 F.3d 125, 129-32 (2d Cir. 2003); *Paine Webber Inc. v. Hartmann,* 921 F.2d 507, 515 (3d Cir. 1990); *Morgan Keegan & Co., Inc. v. Louis Silverman Trust,* Civil No. JFM-11-2533, 2012 WL 113400, *5-6 (D. Md. 2012). Some courts, however, have not. *Trustmark Ins. Co. v. John Hancock Life Ins. Co.,* 631 F.3d 869, 872 (7th Cir. 2001); *Mondis Tech., Ltd. v. LG Elecs., Inc.,* 2:07-cv-565-JRG, 2:08-cv-478-JRG, 2012 WL 462962, *4 (E.D. Tex. 2012); *UBS Fin. Servs. Inc. v. Carilion Clinic,* Civil Action No. 3:12cv424-JAG, 2012 WL 3112010, *6, 9 (E.D. Va. 2012); *S & T Oil Equipment & Machinery, Ltd. v. Juridica Investments Ltd.,* Civil Action No. H-11-0542, 2011 WL 864837, *6 (S.D. Tex. 2011); *Halide Group, Inc. v. Hysosung Corp.,* Civil Action No. 10-02392, 2010 WL 4456928,

\*4-6 (E.D. Pa. 2010)("[T]he specter of arbitration alone is not enough to establish irreparable harm.").

In *Rodarte v. Fin. Indus. Regulatory Auth., Inc.,* No. 3:11-MC-0084-CMC, 2011 WL 2144886 (D.S.C. 2011), the court held "that a party to arbitration will rarely if ever be able to show irreparable harm in having to complete the arbitration process prior to seeking relief from the court from any award which might ultimately be entered," since the Federal Arbitration Act expressly provides various forms of post-arbitration relief. *Id.* at \*3. The Fifth Circuit has held that the expense of arbitration does not constitute irreparable harm, because "[a]n injury is irreparable only if it cannot be undone through monetary damages." *City of Meridian,* 721 F.2d at 529; *accord Siag v. King & Spalding LLP,* No. H–10–367, 2010 WL 2671580, at \*2-3 (S.D. Tex. 2010) ("Established legal procedures provide for challenging the validity of an arbitration award."); *Encompass Power Servs, Inc. v. Eng'g & Constr. Co.,* No. H–05–2759, 2005 WL 3234369, at \*2 (S.D. Tex. 2005).

Based on the present record, Plaintiff has not met its burden of showing that any injury it may incur from arbitration is irreparable.

    3.    <u>Balance of Hardships</u>

To satisfy the third requirement for obtaining a TRO, Plaintiff must demonstrate that any harm it may suffer from denial of injunctive relief outweighs the prejudice to Defendant if the Court orders such relief. *City of Meridian,* 721 F.2d at 527. Plaintiff's Motion [9] only addresses this factor by stating Plaintiff's

conclusion that its right to have this dispute heard in court "far outweighs" any possible injury to Defendant if injunctive relief is awarded, since Defendant will still be allowed "to have its grievances heard before the Southern District of Mississippi Federal Court." Pl.'s Mot. [9] at p. 6. Plaintiff's argument overlooks the fact that the converse is also true. Plaintiff can "have its grievances heard" in arbitration, *see Encompass Power Servs., Inc.,* 2005 WL 3234369 at *2 ("ECCO is free to present its arguments . . . to the arbitrator."), following which it could seek relief in this Court.

Plaintiff has not unequivocally shown by evidence or authority that the balance of equities favors injunctive relief.

    4.    <u>The Injunction Must Not Adversely Effect the Public Interest</u>

To satisfy the fourth requirement for obtaining a TRO, Plaintiff must demonstrate that the injunctive relief requested will not have an adverse effect on the public interest. *City of Meridian,* 721 F.2d at 527. The law is clear that the movant carries the burden of persuasion on all four factors for obtaining a TRO, but Plaintiff's Motion [9] does not address this fourth element. There is a strong federal policy favoring arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983), though this policy does have its limits, *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989). In general, "[i]njunctions staying arbitrations are viewed with disfavor," "[s]ince swift and less costly resolution of disputes is the primary reason for an agreement to arbitrate."

*City of Meridian,* 721 F.2d at 525.

Because it has not addressed this issue, Plaintiff has not carried its burden of persuasion that the relief requested would not adversely effect the public interest.

5.  Posting a Security Bond

Finally, under Rule 65 the Court may issue a TRO only if the movant gives security in an amount the Court deems proper to pay costs and damages sustained by a party who is wrongfully enjoined.  FED. R. CIV. P. 65(c).  Plaintiff has not represented to the Court its willingness to post a bond, nor has it proposed an appropriate bond.

III.  CONCLUSION

Plaintiff has not carried its burden of persuasion on any of the four factors required for obtaining the extraordinary and drastic remedy of a TRO.  Therefore, Plaintiff's Motion [9] requesting a TRO and expedited hearing must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion to Extend Mississippi State Court Issued Temporary Restraining Order and to Set an Expedited Hearing [9], filed by Plaintiff RW Development, LLC, on August 1, 2012, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of August, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE